[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 3, 1987, the petitioner was sentenced, CT Page 6534 following a jury trial, for his conviction of Capitol Felony Murder in violation of Conn. Gen. Stat. 53a-54 (b)(5) in Hartford Superior Court, Criminal Docket #49836.
The petitioner, by his own admission, did not properly physically file this Petition for a New Trial with the Hartford Superior Court until he mailed same on September 24, 1990 by certified mail. (Exhibit C of Brief of Petitioner).
Said Petition for a New Trial was therefore not physically received by the Hartford Superior Court until sometime after September 24, 1990.
This court is aware of the fact that the date when a writ is served, not its date, marks the time an action is begun.
In this action, the Petition for a New Trial was not served until October 24, 1990.
However, in deference to the petitioner's incarceration, and the fact that the petitioner's application for waiver of fees and costs needed action by the court before service could be effectuated, this court will use September 24, 1990 as the date this action was begun.
The law is clear that no petition for a new trial in any civil or criminal proceeding shall be brought but within three years after the rendition of the judgment or decree complained of. 52-582 C.G.S.
Strict compliance is required with the three year rule.
The word "shall," as used in Section 52-582, C.G.S., in its plain and ordinary meaning is mandatory.
The petitioner, by his own admission, whether by neglect, accident or mistake did not properly physically file the paperwork for his Petition for a New Trial nor begin this action within three years next after the rendition of the judgment of September 3, 1987.
This court is therefore without jurisdiction to entertain the petitioner's Petition for a New Trial.
Accordingly, the respondent's Motion to Dismiss is granted.
Damiani, J.